IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DeWAYNE DAVIS, | § | |
| TDCJ #1246834, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3295 |
| | § | |
| STATE OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

The plaintiff, DeWayne Davis (TDCJ #1246834, former TDCJ #869259), is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Davis has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with a state court conviction. Davis appears *pro se* and he seeks leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

### I.     BACKGROUND

Davis has filed this civil rights lawsuit against the State of Texas, alleging that he was convicted in violation of his civil rights in the 339th District Court of Harris County, Texas. Court records show that Davis is currently incarcerated in TDCJ as the result of a 2004 conviction for injury to a child in Harris County cause number 965578. The trial court sentenced Davis to serve fifty-five years in prison following a bench trial in that case.

On direct appeal, Davis challenged the legal and factual evidence to support his conviction. An intermediate appellate court affirmed the conviction after making the following findings of fact:

> On October 20, 2003, at about 6:00 a.m., Tesheva Anderson left [Davis]'s apartment to catch the bus to work. At this time, Anderson and her two-and-a-half-year-old son, Othay Anderson, lived with [Davis], along with Crystal Cashel, a friend of [Davis]'s. As she frequently did, Anderson left her son at the apartment in [Davis]'s care. [Davis] would care for the toddler during Anderson's shift at the International House of Pancakes ("IHOP"), and after her shift, [Davis] would bring the boy to Anderson.
>
> A few hours after Anderson's departure on October 20th, [Davis] called Anderson at work and asked her to come home immediately. She did not do so. [Davis] then called Anderson again a few hours later and informed her that Othay had slipped in the bathtub and suffered a seizure after hitting his head. He further informed her that the paramedics were on the way to the apartment. Othay, who had suffered life-threatening injuries, was life-flighted to Hermann Hospital in Houston. [Davis] was the only person at home at the time of the incident.
>
> Anderson left work immediately upon receiving [Davis]'s call and met [Davis] at the bus stop. Anderson and [Davis] went to the hospital together. During the ride to the hospital, [Davis] stated very adamantly that he did not put Othay on the stove nor did he do anything to harm him. He also stated that he was sorry, and vowed to pass blame onto Cashel (who was not home at the time of the incident) if anyone accused him of any wrongdoing. [Davis] also informed Anderson that he did not want to return to prison.
>
> At the hospital, [Davis] told investigating officers that he decided to give Othay a bath because he had wet himself. [Davis] testified that he left the room twice while the tub filled with water. He returned the second time upon hearing Othay scream and found him bleeding from the nose. After arriving at the hospital, Othay was examined fully for internal and external injuries. It was discovered that Othay had suffered the following injuries: (1) second degree burns on his feet, ankles and penis; (2) bruises on his abdomen; (3) bruises to the interior portion of his liver; (4) bruises to his internal abdominal wall; (5) gall bladder bruising; (6) a duodenal contusion; (7) internal bleeding; (8) hemorrhaging in the brain; and (9) retinal hemorrhaging. As a result of

> these injuries, Othay had to undergo two surgeries (one on his brain and one on his abdomen) before being discharged from the hospital. These injuries resulted in permanent physical and mental impairment.
>
> Othay's treating physicians confirmed that his injuries were not consistent with an accident; rather, the injuries were inflicted intentionally, and were likely the result of an intentional burning and violent shaking. The doctors testified that based on their examinations of the child, the injuries had been inflicted shortly before Othay's arrival at the hospital.
>
> [Davis] was arrested and charged for the offense of injury to a child. [Davis] waived his right to a jury trial and pleaded "not guilty" to this charge. After a bench trial, the trial court found [Davis] guilty and assessed punishment of 55 years in the Texas Department of Criminal Justice, Institutional Division.

*Davis v. State*, No. 14-04-00484-CR, 2005 WL 2875122, **1-2 (Tex. App. — Houston [14th Dist.] Nov. 3, 2005, no pet.). Davis did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals or an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.

Davis now seeks to challenge his underlying conviction under 42 U.S.C. § 1983. In his pending civil rights complaint, which is dated October 2, 2009, Davis complains that he did not intelligently waive his right to a jury trial. Davis contends further that his court-appointed attorney "did not provide a good defense" because he "did not really go over the evidence to prepare for trial." Davis appears to seek compensatory damages for his unlawful conviction. Davis also seeks injunctive relief in the form of a new trial or his release from custody with "credit for time served." The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.     STANDARD OF REVIEW

3

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances.  Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").  The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.  DISCUSSION

Here, Davis contends that his conviction was unlawful because he was denied his constitutional right to a jury trial and the right to effective assistance of counsel. To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Davis does not allege or show that the conviction at issue has been overturned by an authorized state tribunal or otherwise invalidated on habeas corpus review. Because Davis's allegations would, if true, necessarily implicate the validity of his conviction, his civil rights claims are not cognizable under 42 U.S.C. § 1983 at this time and his complaint must be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met"). To the extent that Davis seeks injunctive relief

rather than monetary damages, his civil rights claims are likewise barred by the rule in *Heck*.[1]

*See Clarke v. Stalder*, 154 F.3d 186 (5th Cir. 1998).

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (Doc. # 2) is **GRANTED**.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of DeWayne Davis (TDCJ #1246834) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim under 42 U.S.C. § 1983.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District**

---

[1] To the extent that Davis seeks injunctive relief from a state court conviction, the writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the "fact of confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Court declines to re-characterize Davis's civil rights complaint as one seeking relief under the federal habeas corpus statutes because it appears that the Texas Court of Criminal Appeals has not yet had an opportunity to address his claims. Thus, Davis has not exhausted available state court remedies as required by 28 U.S.C. § 2254(b)-(c). More importantly, it appears that the one-year statute of limitations on federal habeas review has expired. *See* 28 U.S.C. § 2244(d)(1)(A). Nevertheless, the dismissal of this civil rights action is without prejudice to seeking habeas corpus review should Davis elect to pursue that remedy.

**of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on October 15, 2009.

Nancy F. Atlas
United States District Judge